By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Plaintiff*

## United States Bankruptcy Court
## District of New Jersey

In re: Rayshawn Hawkins,

*Debtor.*

Rayshawn Hawkins,

*Plaintiff,*

v.

New Jersey Motor Vehicle Commission and
Rosalie Johnson, in her official capacity,

*Defendants.*

| | |
|---|---|
| Case No.: | 26-16284-CMG |
| Adv. No: | 26-_____-CMG |
| Chapter: | 7 |
| Judge: | Christine M. Gravelle |

**Verified Complaint**

Plaintiff Rayshawn Hawkins, by way of complaint against the New Jersey Motor Vehicle

Commission (the "MVC") and Rosalie Johnson, Acting Chief Administrator of the MVC, in her

official capacity (together, the "Defendants"), alleges:

**Jurisdiction**

1. The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of

Reference.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

3. The Plaintiff consents to the entry of a final order by this Court.

4. Venue is proper under 28 U.S.C. § 1409.

**Parties**

5.    The Plaintiff is an individual and the debtor in the underlying bankruptcy case.

6.    Defendant New Jersey Motor Vehicle Commission (the "MVC") is an agency of the State of New Jersey responsible for the issuance, suspension, and restoration of driver's licenses and is a governmental unit as defined by 11 U.S.C. § 101(27).

7.    Defendant Rosalie Johnson is the Acting Chief Administrator of the MVC and is sued solely in her official capacity.

**Facts**

8.    On August 17, 2023, Progressive Garden State Insurance Company ("Progressive"), as subrogee of its insured, sued the Plaintiff in the Superior Court of New Jersey, Law Division, Special Civil Part, Mercer County, Docket No. MER-DC-003598-23, over a motor vehicle accident that happened on or about October 2, 2021.

9.    The complaint in that action did not allege willful or malicious conduct or operation of a vehicle while intoxicated.

10.    On October 11, 2024, the Superior Court entered a default judgment against the Plaintiff in the total amount of $18,589.50 (the "Judgment").

11.    The Judgment is an unsecured prepetition debt arising from alleged ordinary negligence.

12.    The Judgment is not of a kind excepted from discharge under 11 U.S.C. § 523(a).

13.    On or about March 13, 2025, Progressive certified the unsatisfied Judgment to the MVC under *N.J.S.A.* 39:6-30 *et seq.*

14.    Upon information and belief, the MVC suspended the Plaintiff's driver's license (the "Suspension") under N.J.S.A. 39:6-35 on or about March 13, 2025.

15.     Upon information and belief, the sole statutory basis for the suspension is nonpayment of the Judgment.

16.     Upon information and belief, the Plaintiff's driving record reflects no suspension on any basis other than the unsatisfied Judgment.

17.     Upon information and belief, but for the Judgment, the Plaintiff is eligible for restoration of his driving privileges.

18.     The Plaintiff petitioned for relief under chapter 7 of the Bankruptcy Code on June 2, 2026, commencing the underlying case.

19.     On or about June 3, 2026, the Plaintiff appeared in person at the MVC service center at 120 South Stockton Street, Trenton, New Jersey.

20.     The Plaintiff presented to MVC staff a copy of the Notice of Bankruptcy Case Filing issued in his case, setting forth the case number and filing date and bearing the signature of the Clerk of the United States Bankruptcy Court and the court's seal.

21.     The Plaintiff offered the statutory restoration fee and requested restoration of his driving privileges.

22.     The MVC refused to restore the Plaintiff's driving privileges.

23.     The MVC stated that restoration was conditioned upon payment of the Judgment or entry of a discharge in the Plaintiff's bankruptcy case.

24.     As a direct and proximate result of the Defendants' refusal to reinstate his license, since June 2, 2026, the Plaintiff has incurred out-of-pocket transportation expenses for travel to work, medical appointments, and family obligations; lost work time and work opportunities; suffered persistent anxiety and emotional distress; and incurred attorney's fees and costs.

25. The Plaintiff's damages continue to accrue.

26. The Plaintiff remains willing to satisfy any insurance or financial-responsibility requirement that New Jersey imposes on drivers generally.

### Count 1
### Discrimination Against a Debtor
### [11 U.S.C. § 525(a)]

27. The Plaintiff incorporates all preceding paragraphs by reference.

28. Under 11 U.S.C. § 525(a), a governmental unit may not "deny, revoke, suspend, or refuse to renew a license" to a debtor "solely because" the debtor "has not paid a debt that is dischargeable in the case."

29. The Defendants' maintenance of the Suspension and refusal to restore the Plaintiff's driving privileges violate 11 U.S.C. § 525(a).

30. The Plaintiff is entitled to declaratory and injunctive relief under 11 U.S.C. §§ 525(a) and 105(a) directing restoration of his driving privileges upon payment of the generally applicable restoration fee.

### Count 2
### Willful Violation of the Automatic Stay
### [11 U.S.C. § 362(k)]

31. The Plaintiff incorporates all preceding paragraphs by reference.

32. The filing of the petition operated as a stay of, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6).

33. The Defendants' post-petition refusal to restore the Plaintiff's driving privileges, expressly conditioned upon payment of the Judgment or entry of a discharge, is an act to collect a prepetition claim.

34. The Suspension enforces a private party's money judgment and terminates upon payment to that private party.

35. The purpose of the Suspension is pecuniary rather than regulatory, it serves no public-safety function, and the exception of 11 U.S.C. § 362(b)(4) does not apply.

36. The Defendants had actual knowledge of the bankruptcy case no later than on or about June 3, 2026, when the Plaintiff presented the Notice of Bankruptcy Case Filing to MVC staff.

37. Notwithstanding that knowledge, the Defendants refused to restore the Plaintiff's driving privileges.

38. The Defendants' violation of the automatic stay is willful within the meaning of 11 U.S.C. § 362(k).

39. The Plaintiff is entitled to compensation for actual damages, attorney's fees, and costs.

### Request for Relief

For good cause shown, the Plaintiff requests that the Court enter judgment against the Defendants:

A. declaring that the Defendants' refusal to restore the Plaintiff's driving privileges violates 11 U.S.C. § 525(a) and that N.J.S.A. 39:6-35 is preempted as applied;

B. directing the Defendants to restore the Plaintiff's driving privileges forthwith upon payment of the generally applicable restoration fee;

C. determining that the Defendants willfully violated the automatic stay and awarding the Plaintiff actual damages under 11 U.S.C. § 362(k)(1), including damages for emotional distress;

D. awarding the Plaintiff costs and attorney's fees under 11 U.S.C. § 362(k)(1);

E.      declaring that the Judgment is dischargeable and, upon entry of the discharge, discharged, with 11 U.S.C. § 524(a) enjoining any act, including reimposition of the Suspension, to collect the Judgment as the Plaintiff's personal liability; and

F.      awarding such other and further relief as may be necessary and proper under the law.


Date: August 14, 2026                              **LAW OFFICE OF MIKE ASSAD, P.C.**
                                                   *Attorney for Plaintiff*

                                                   By: /s/ Michael I. Assad
                                                        Michael I. Assad


### Verification

I, Rayshawn Hawkins, am the plaintiff in this adversary proceeding. I have read this complaint and verify that all factual allegations therein are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct.


Date: August 14, 2026                              /s/ Rayshawn Hawkins
                                                   Rayshawn Hawkins